The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



**Dated: March 29 2019**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 17-33088 |
| Calvin D. Murrell and Rhonda L. Murrell, | Chapter 7 |
| Debtors. | Adv. Pro. No. 18-03006 |
| Calvin D. Murrell | Judge John P. Gustafson |
| Plaintiff, | |
| v. | |
| Edsouth, et al., | |
| Defendants. | |

### MEMORANDUM OF DECISION AND ORDER RE: DISCOVERY SANCTIONS

This Adversary Proceeding comes before the court on Defendant Educational Credit Management Corporation's ("Defendant") Motion for Plaintiff to Show Cause for Failure to Comply with May 22, 2018 Order ("Motion"). [Doc. #29]. Defendant filed a Memorandum in Support [Doc. #42] and Plaintiff-Debtor Calvin D. Murrell ("Plaintiff-Debtor") filed a Response. [Doc. #47]. In its Memorandum, Defendant seeks dismissal of this Adversary Proceeding due to Plaintiff's alleged failure to comply with Defendant's discovery requests, its subsequent Show

1

Cause Motion, and this court's discovery orders. [Doc. #42, pp. 1-3].

The court has jurisdiction over Plaintiff-Debtor's underlying Chapter 7 case and this Adversary Proceeding pursuant to 28 U.S.C. §§1334, 157(a), and Local General Order 2012–7 of the United States District Court for the Northern District of Ohio. Actions to determine dischargeability are core proceedings that this Court may hear and determine. 28 U.S.C. §157(b)(1) and (b)(2)(I).

Because Plaintiff-Debtor's discovery conduct does not rise to the level of warranting dismissal, the court finds that lesser sanctions are appropriate. Thus, Defendant's Motion to Show Cause will be sustained in part and overruled in part.

## FACTUAL BACKGROUND

Plaintiff-Debtor and his wife filed a joint Chapter 7 Petition[1] on September 28, 2017. [Case No. 17-33088, Doc. #1]. On January 16, 2018, Plaintiff-Debtor initiated this adversary proceeding, seeking a determination that his student loans are dischargeable as an undue hardship under 11 U.S.C §523(a)(8). [Doc. #1]. After Defendant was allowed to intervene in the case as the current assignee of Debtor's student loans [Doc. #8], discovery began as outlined in the court's pretrial order. [Doc. #19].

On April 27, 2018, Defendant filed with the court its Interrogatories, Requests for Production of Documents and Requests to Admit. [Doc. #22]. Defendant's Request included 25 interrogatories, 30 requests for documents, and 10 requests to admit. [*Id.*]. Relevant here, Defendant asked Plaintiff-Debtor to produce documents evidencing his student loans, his bank statements, and his tax returns. [*Id.*, pp. 17-21]. On May 22, 2018, the court ordered Plaintiff-Debtor to respond to Defendant's discovery requests within thirty days. [Doc. #24]. Plaintiff-Debtor filed a Certificate of Service on June 19, 2018 that described his alleged compliance with Defendant's discovery requests. [Doc. #26].

On September 18, 2018, Defendant filed its Memorandum in Support of Motion to Show Cause in which it outlined Plaintiff-Debtor's alleged failures to fully respond to its discovery requests in a timely manner. [Doc. #42]. Specifically, Defendant highlighted that Plaintiff-Debtor failed to produce: (1) Plaintiff-Debtor's 2013 Federal Tax Return and 2013-2017 State Income Tax Returns for both Plaintiff-Debtor and his wife; (2) complete financial records detailing Plaintiff-Debtor's finances for the past five years; and (3) documents evidencing Plaintiff-Debtor's

---

1/ This adversary proceeding deals only with student loans in Debtor Calvin D. Murrell's name.

student loans at issue in this case. [*Id.*, p. 4]. Co-Defendant Department of Education filed a Concurrence, stating that it supports dismissal of Plaintiff-Debtor's adversary proceeding.[2] [Doc. #43].

On October 11, 2018, Plaintiff-Debtor filed a Certificate of Service for Second Supplemental Answers to Defendant ECMC's First Set of Interrogatories, Requests for Production of Documents, and Request to Admit, attempting to belatedly comply with Defendant's discovery requests. [Doc. #46]. That same day, Plaintiff-Debtor also filed a Response to Defendant's Memorandum, arguing that dismissal is not warranted because he had produced many of the requested documents. [Doc. #47]. Specifically, Plaintiff-Debtor asserts that he produced: (1) Plaintiff-Debtor's 2014-2017 Federal Tax Returns, explaining that the only missing return, that for 2013, does not exist because Plaintiff-Debtor did not file a return that year; and (2) additional bank statements, with records dating back five years for one account and three years for another. [*Id.*, pp. 1-2]. Plaintiff-Debtor explains that he does not have any documents evidencing his student loans, that he does not know how to retrieve said documents, and that Defendants already have the loan documents they have requested. [*Id.*, p. 2].

## LAW AND ANALYSIS

Courts are afforded broad discretion in determining whether to issue discovery sanctions. *See*, *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999); *Bushay v. McDonnell* (*In re Bushay*), 327 B.R. 695, 701 (1st Cir. BAP 2005), *aff'd*, 187 F. App'x 17 (1st Cir. 2006). Federal Rule of Civil Procedure 37, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7037, provides an illustrative list of possible sanctions for a party's failure to comply with a discovery order, including designation of disputed facts as established, striking pleadings, staying proceedings, or dismissal of the case. *See*, Fed. R. Civ. P. 37(b)(2)(i)-(vii). For example, "a court may make an order refusing to allow a 'disobedient party' to oppose designated claims or to prohibit that party from introducing designated matters into evidence…." *Nemir v. Mitsubishi Motors Corp.*, 228 F.R.D. 573, 602 (E.D. Mich. 2005).

Additionally, Federal Rule of Civil Procedure 41, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7041, provides for the dismissal of a case where a defendant

---

2/ Co-Defendant Department of Education also alleges that Plaintiff-Debtor has failed to produce documents in support of his Total and Permanent Disability application. [Doc. #43, p. 1]. However, that is not an issue before this court.

3

shows that "the plaintiff fails to prosecute or to comply with these rules or a court order…." Fed. R. Civ. P. 41(b).

Importantly, "the severe sanction of a dismissal…is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1537, 1542 (11th Cir. 1993)(citation omitted); *see*, *Nemir*, 228 F.R.D. at 602 (noting that, in the context of possible discovery sanctions, a "[t]rial on the merits…is favored.")(quotation omitted). Accordingly, a failure to comply with a discovery order due to inability, negligence, or a simple misunderstanding does not warrant dismissal. *See*, *Malautea*, 987 F.2d at 1542.

The court will consider the following factors,[3] given that the Defendant in this case is seeking dismissal: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was sought. *See*, *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997); *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988); *see also*, *Vance v. Sec'y, U.S. Dept. of Veterans Affairs*, 289 F.R.D. 254, 256 (S.D. Ohio 2013); *In re LTV Steel Co.*, 307 B.R. 37, 45 (Bankr. N.D. Ohio 2004)(noting that dismissal under Rule 37 "should be on account of conduct due to willfulness, bad faith, or fault").

Upon review of the parties' briefing and this case's docket, the court finds that Plaintiff-Debtor's conduct in responding to Defendant's discovery requests does not warrant dismissal of this adversary proceeding. A review of the *Harmon* dismissal factors supports the court's conclusion.

The first factor is whether Plaintiff-Debtor acted willfully, in bad faith, or with fault in failing to comply with discovery. The court finds that, based on his Response [Doc. #47], Plaintiff-Debtor has attempted, to some degree, to comply with Defendant's discovery requests. Nevertheless, there was a lack of diligence that rises to the level of negligence, particularly after Defendant's e-mail put Plaintiff-Defendant on notice that the discovery response was inadequate. On the other hand, while "fault" has been shown, the more serious levels of non-compliance -

---

3/ It should be noted that these factors were used by the Sixth Circuit Court of Appeals in decisions (*Regional Refuse* and *Harmon*) involving previously dismissed plaintiffs.

willfulness and bad faith – have not. Thus, on balance, the first *Harmon* factor weighs against the harsh remedy of dismissal.

The second factor, whether Defendant was prejudiced by Plaintiff-Debtor's failure to comply, weighs in favor of dismissal. Defendant has certainly been prejudiced to the extent it has been required to expend resources in seeking to enforce Plaintiff-Debtor's discovery compliance. Thus, the court finds that Defendant has suffered some significant prejudice due to Plaintiff-Debtor's discovery non-compliance, weighing in favor of dismissal.

In terms of the third factor, whether Plaintiff-Debtor was warned that non-compliance could lead to dismissal, the court finds that it weighs against dismissal because it only came into play once Defendant requested it in its September 18th Memorandum. There were no other pleadings filed, requesting lesser sanctions. Similarly, the fourth factor, whether lesser sanctions were imposed or considered prior to dismissal, also weighs against dismissal because no lesser sanctions were contemplated or imposed prior to Defendant's request for dismissal in its September 18th Memorandum.

Thus, on balance, the court finds that the *Harmon* factors weigh against dismissal of this adversary proceeding.

Here, Plaintiff-Debtor's discovery conduct was negligent, particularly in light of Defendant's July 3, 2018 e-mail. [Doc. #42-2]. However, negligent discovery conduct does not generally warrant dismissal of the underlying proceeding. *See*, *Malautea*, 987 F.2d at 1542. Moreover, the availability of evidence that supports Plaintiff-Debtor's student loan dischargeability claim goes to the heart of the claim in the first place, and because courts are encouraged to adjudicate claims on the merits where possible, *see*, *Nemir*, 228 F.R.D. at 602, the court will not dismiss the case while remaining mindful of the fact that Plaintiff-Debtor bears the evidentiary burden in these §523(a)(8) proceedings. *See*, *James v. ACS* (*In re James*), 2017 WL 1240217 at *4, 2017 Bankr. LEXIS 883 at *13 (Bankr. N.D. Ohio March 31, 2017).

In lieu of the harsh sanction of dismissal, the court will sanction Plaintiff-Debtor's discovery conduct by precluding Plaintiff-Debtor from testifying and arguing with reference to the documents Plaintiff-Debtor failed to produce, in violation of this court's order. *See e.g.*, *Moyer v. Lehigh Univ.*, 1988 WL 120750 at *2, 1988 U.S. Dist. LEXIS 12521 at *6 (E.D. Penn. November 8, 1988)(finding that, instead of dismissal or default, the "sanction of preclusion of offering evidence is more appropriate…where the Court has determined that the [violating party] did not

willfully contribute to the delinquency.").

Accordingly, the court will not entertain arguments that there are any defects in the loan documents that Plaintiff-Debtor did not produce. *See*, Fed. R. Civ. P. 37(b)(2)(ii). Further, Plaintiff-Debtor is precluded from testifying and arguing with reference to the documents Plaintiff-Debtor failed to produce, in violation of this court's order.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Show Cause be, and hereby is, **SUSTAINED in part** and **OVERULLED in part**. Plaintiff-Debtor is hereby precluded from testifying and arguing with reference to the documents Plaintiff-Debtor failed to produce, in violation of this court's order.

**IT IS FURTHER ORDERED** that a further pretrial scheduling conference be set for **April 9, 2019 at 10:00 a.m.** in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604 so that a date for trial may be set.